IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FRANCES CURD,** | * | |
| *Plaintiff*, | * | |
| | * | Case No. 1:22-cv-03185-JRR |
| v. | * | |
| **PAPA JOHN'S INTERNATIONAL, INC., d/b/a PAPA JOHNS,** | * | |
| | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This matter comes before the court on Defendant Papa John's International, Inc.'s ("Papa John's") Motion to Dismiss Plaintiff's Complaint. (ECF No. 14; the "Motion.") The parties' submissions have been reviewed and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

## BACKGROUND[1]

Plaintiff Frances Curd, on behalf of herself and the entire class of persons similarly situated, brings this action against Papa John's for allegedly wiretapping the electronic communications of visitors to its website, www.papajohns.com, in violation of Maryland statutory and common law.[2] (ECF No. 4; the "Complaint.") Plaintiff is citizen and resident of the State of Maryland (ECF No. 4, ¶ 5.)

---

[1] For purposes of this memorandum, the court accepts as true the well-pled facts set forth in the Complaint. (ECF No. 4.)

[2] Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 and alleges numerosity, commonality, typicality, adequacy of representation, superiority for certification, predominance, and ascertainability. (ECF No. 4 at pp. 15–17.)  At this stage of the litigation the court need not address the factors set forth in Rule 23.

Papa John's is a Delaware corporation with its principal place of business in Atlanta, Georgia. *Id.* ¶ 6. Papa John's operates brick-and-mortar pizza restaurants and the website www.papajohns.com to facilitate online sales. *Id.* ¶ 38. Plaintiff alleges that the court has personal jurisdiction over Papa John's because it directed purposeful and tortious acts towards Maryland citizens. *Id.* ¶ 8. Plaintiff further alleges that "Defendant chose to avail itself of the business opportunities of marketing and selling its services in Maryland and collecting real-time data from website visit sessions initiated by Maryland citizens while located in Maryland." *Id*

According to Plaintiff, Papa John's procures third-party vendors to embed computer code ("Session Replay Code") which enables Papa John's to intercept and record website visitors' electronic communication with Papa John's website, including "mouse movements, clicks, scrolls, zooms, window resizes, keystrokes, text entry, and numerous other forms of user's navigation and interaction through the website." *Id.* ¶¶ 1 and 25. Website operators can then access the recordings, which are stored on third-party vendors' servers, to analyze user interactions, which provide marketing, economic, and other business benefits. (ECF No. 4 ¶¶ 11–15.) Plaintiff alleges that Papa John's does not notify users that papajohns.com utilizes Session Replay Code or that their electronic interactions with the website are recorded. *Id.* ¶ 39.

On December 12, 2022, Plaintiff filed the Complaint, which sets forth two counts: (1) Violation of the Maryland Wiretapping and Electronic Surveillance Act ("the Maryland Wiretap Act"), MD. CODE ANN., CTS. & JUD. PROC. §§ 10-402, *et seq.* (Count I); and (2) Invasion of Privacy — Intrusion Upon Seclusion (Count II). *Id.* at pp. 17–21. The prayer for relief seeks an order: (i) certifying the Class and appointing Plaintiff as the Class representative; (ii) appointing Plaintiff's counsel as class counsel; (iii) declaring that Defendant's alleged past conduct was unlawful; (iv) declaring Defendant's alleged ongoing conduct is unlawful; (v) enjoining Defendant from

continuing the alleged unlawful practices, and awarding such injunctive and other equitable relief as the court deems just and proper; (vi) awarding Plaintiff and the Class members statutory, actual, compensatory, consequential, punitive, and nominal damages, as well as restitution and/or disgorgement of profits allegedly unlawfully obtained; (vii) awarding Plaintiff and the Class members pre-judgment and post-judgment interest; (viii) awarding Plaintiff and the Class members reasonable attorneys' fees, costs, and expenses; and (ix) granting such other relief as the court deems just and proper. *Id.* at pp. 21–22.

Papa John's moves to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2); or, alternatively, for failure to state a claim under the Maryland Wiretap Act or for common law intrusion upon seclusion pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14-1 at p. 1.)

## LEGAL STANDARDS

### *Federal Rule of Civil Procedure 12(b)(2)*

"When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), 'the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence.'" *CoStar Realty Info., Inc. v. Meissner,* 604 F. Supp. 2d 757, 763 (D. Md. 2009) (quoting *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)) (citations omitted). "If jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." 604 F. Supp. 2d at 763 (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "If the court chooses to rule without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits and

discovery materials, 'the plaintiff need only make *prima facie* showing of personal jurisdiction.'" *Id.* (quoting *Carefirst*, 334 F.3d at 396) (citations omitted). "In determining whether the plaintiff has proven a *prima facie* case of personal jurisdiction the court 'must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.'" *Id.* (citing *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 60 (4th Cir. 1993)) (citations omitted).

### *Federal Rule of Civil Procedure 12(b)(6)*

A motion asserted under Rule 12(b)(6) "tests the legal sufficiency of a complaint." It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). The court, however, is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Id.* (citing *District 26, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.,* 609 F.2d 1083, 1085 (4th Cir. 1979)).

## ANALYSIS

**I.     PERSONAL JURISDICTION – RULE 12(b)(2)**

"The requirement that the court have personal jurisdiction . . . springs not from Article III of the Constitution, but from the Due Process Clause." *Fidrych v. Marriott Int'l, Inc.,* 952 F.3d 124, 131 (4th Cir. 2019) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456

U.S. 694, 702 (1982)). "Because the personal jurisdiction requirement 'recognizes and protects an individual liberty interest, . . . the requirement may be waived by a defendant's 'express or implied consent to the personal jurisdiction of the court.'" *Id.* (citing *Ins. Corp. of Ireland*, 456 U.S. at 703.)  "Absent consent, the exercise of personal jurisdiction must comport with the requirements of the Due Process Clause: valid service of process, as well as . . . minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Hawkins v. i-TV Digitális Távközlési zrt.*, 935 F.3d 211, 228 (4th Cir. 2019)) (citations omitted).  The nature and quantity of forum-state contacts required depends on whether the case involves the exercise of "specific" or "general" jurisdiction, which the court addresses in more detail below. *Id.*

Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997).  The parties agree that Papa John's is a non-resident defendant corporation.  In order for the court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001) (citing *Stover v. O'Connell Assocs. Inc.,* 84 F.3d 132, 134 (4th Cir. 1994)).

### A.     State Long-Arm Statute

Papa John's argues that Plaintiff fails to identify the provision of the Maryland long-arm statute it contends allows this court to exercise personal jurisdiction over Papa John's. (ECF Nos. 14 at 3 and 18 at 1.)

As set out above, it is well settled in the Fourth Circuit that in order for this court to exercise personal jurisdiction over a non-resident defendant, two conditions must be satisfied. "First the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with the Fourteenth Amendment due process requirements." *Id.* "The Maryland long-arm statute… limits specific jurisdiction to cases where the cause of action arises from any act enumerated in the statute itself. Thus, a plaintiff must identify a specific Maryland statutory provision authorizing jurisdiction." *Johns Hopkins Health Sys. Corp. v. Al Reem Gen. Trading & Co.'s Rep. Est.,* 374 F. Supp. 2d. 465, 472 (D. Md. 2005) (citation omitted); *see also Ottenheimer Publishers, Inc. v. Playmore, Inc*., 158 F. Supp. 2d 649, 652 (D. Md. 2001) (noting that "[i]t is nonetheless necessary first to identify a specific Maryland statutory provision authorizing jurisdiction . . . ."). This requirement can be met through a complaint or in opposition to a 12(b)(2) motion. *Hausfeld v. Love Funding Corp*., 16 F. Supp. 3d 591, 597 (D. Md. 2014).

Maryland's long-arm statute provides:

> **(a)** If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.
> **(b)** A court may exercise personal jurisdiction over a person, who directly or by an agent:
>   **(1)** Transacts any business or performs any character of work or service in the State;
>   **(2)** Contracts to supply goods, food, services, or manufactured products in the State;
>   **(3)** Causes tortious injury in the State by an act or omission in the State;
>   **(4)** Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

>  **(5)** Has an interest in, uses, or possesses real property in the State; or
>  **(6)** Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.
>
>  **(c)** Applicability to computer information and computers programs. –
>  **(1)(i)** In this subsection the following terms have the meanings indicated.
>  **(ii)** "Computer information" has the meaning stated in 22-102 of the Commercial Law Article.
>  **(iii)** "Computer program has the meaning stated in 22-102 of the Commercial Law Article.
>  **(2)** The provisions of this section apply to computer information and computer programs in the same manner as they apply to goods and services.

MD. CODE ANN., CTS. & JUD. PROC. §§ 6-103(a) and (b).

Neither the Complaint nor Plaintiff's opposition to the Motion identifies any provision of the Maryland long-arm statute authorizing this court to exercise personal jurisdiction over Papa John's. The court declines to act on behalf of Plaintiff and opine which, if any, statutory provision supports the exercise of personal jurisdiction over Papa John's. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (holding that "[i]n our adversarial system of adjudication, we follow the principle of party presentation."); *see also Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (holding that "in . . . civil . . . cases, in the first instance and on appeal . . ., we rely on the parties to frame the issue for decision and assign the court the role of a neutral arbiter of matter the parties present.")

  **B.** **Specific Jurisdiction**

Even had Plaintiff identified a provision of the Maryland long-arm statute that purportedly allows this court to exercise jurisdiction over Papa John's, the allegations in the Complaint do not support a finding that Papa John's is subject to specific jurisdiction in this forum.

7

In determining whether specific jurisdiction exists, this court considers "(1) the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002) (citations omitted).

Papa John's argues that the Complaint does not allege purposeful availment. (ECF No. 14-1 at 4.) Specifically, Papa John's asserts that the gravamen of Plaintiff's Complaint targets Papa John's operation of a nationally accessible website — which, it urges, is insufficient to demonstrate purposeful availment for purposes of a jurisdiction analysis. *Id.* at 5-6. Plaintiff counters that Papa John's purposely availed itself of Marylanders' business because it "has approximately 100 brick-and-mortar pizzerias in Maryland and directs Maryland residents to its pizzerias using its website." (ECF No. 17 at 4.) Plaintiff further asserts that Papa John's uses its website to solicit business from Marylanders; and the website is "indisputably a critical part of Defendant's coordinated efforts to maximize sales revenue in Maryland." *Id.*

Plaintiff's argument hinges on Papa John's operation of its website. The Fourth Circuit in *ALS Scan, Inc.,* set forth the factors a court should consider in determining whether to exercise specific personal jurisdiction over an out-of-state defendant whose contacts with the state are in the form of electronic transmissions via the internet. A court may exercise personal jurisdiction over an out-of-state defendant if the defendant:

> (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received. Such passive Internet activity does not generally include directing electronic activity into the State

> with the manifested intent of engaging business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in courts located in the State.

293 F.3d at 714.

Applying this standard to the present case, the court finds that Papa John's internet activity was, at most, passive — which is insufficient for this court to exercise its judicial authority over Papa John's. With respect to the first two factors, Plaintiff does not allege that Papa John's specifically targeted Maryland with its website. Although Plaintiff was able to access Papa John's website from Maryland, this does not lend to the conclusion that Papa John's intentionally directed its internet activity toward Maryland any more than it directed its internet activity toward other states whose citizens succeed in accessing Papa John's website. It is true that Papa John's has direct contact with Maryland through general publication of its website on the internet, but this is insufficient to serve as the basis for personal jurisdiction. As the Fourth Circuit explained:

> If we were to conclude as a general principle that a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist. The person placing information on the Internet would be subject to personal jurisdiction in every State.
>
> But under current Supreme Court jurisprudence, despite advances in technology, State judicial power over persons appears to remain limited to persons within the State's boundaries and to those persons outside of the State who have minimum contacts with the State such that the State's exercise of judicial power over the person would not offend traditional notions of fair play and substantial justice. *See* [*Hanson v. Denckla*, 357 U.S. 235, 250-51 (1958) (noting that "it is a mistake to assume that [the technological] trend heralds the demise of all restrictions"). But even under the limitations articulated in *International Shoe* and retained by *Hanson*, the argument could still be made that the Internet's electronic signals are surrogates for the person and that Internet users conceptually enter a State to the extent that they send their electronic signals into the State, establishing

9

> those minimum contacts sufficient to subject the sending person to personal jurisdiction in the State where the signals are received. Under this argument, the electronic transmissions "symbolize those activities . . . within the state which courts will deem to be sufficient to satisfy the demands of due process." [*Int'l Shoe Co., v. Washington* 326 U.S. 310, 316-17 (1945).] But if that broad interpretation of minimum contacts were adopted, State jurisdiction over persons would be universal, and notions of limited State sovereignty and personal jurisdiction would be eviscerated.

*ALS Scan,* 293 F.3d at 712-13.

If Plaintiff were correct that operation of a website with general nationwide accessibility is sufficient, without more, for a court to exercise personal jurisdiction, it would naturally follow that every state could exercise jurisdiction over Papa John's. This conclusion is inconsistent with the law and the court rejects Plaintiff's argument on this point. *See Fidrych v. Marriott Int'l, Inc.,* 952 F.3d 124, 141 (4th Cir. 2020) (holding that "[w]hile Marriott obviously uses its website to engage in commercial transactions, the website does not target South Carolina residents for commercial transactions any more than it targets any other state. Instead of targeting any particular state, the website makes itself available to anyone who seeks it out, regardless of where they live. In our view, the fact that the website is accessible in a given state does not mean that Marriott is targeting its activities at that state.")

With respect to the third prong — whether Papa John's internet activity "creates, in a person within the State, a potential cause of action cognizable in the State's courts," *ALS Scan,* 293 F.3d at 714 — Plaintiff's claims arise out of her use of Papa John's website. Plaintiff alleges:

> The Maryland Wiretap Act (the "Act") prohibits (1) the interception or procurement of another to intercept any wire, electronic, or oral communication; (2) the willful disclosure of the contents of any wire, electronic, or oral communication that the discloser knew or should have known was obtained through the interception of a wire, electronic, or oral communication; and (3) the willful use of the contents of any wire, electronic, or oral communication that the

discloser knew or should have known was obtained through the interception of a wire, electronic, or oral communication. Md. Code Ann., Cts. & Jud. Proc. § 10-402.

\*\*\*

Papa Johns is a person for purposes of the Act because it is a corporation.

Session Replay Code like that procured by Papa Johns is a "device" used for the "acquisition of the contents of any wire, electronic, or oral communication" within the meaning of the Act.

Plaintiff's and Class members' intercepted Website Communications constitute the "contents" of electronic communications within the meaning of the Act.

Papa Johns willfully procures and embeds Session Replay Code on its website to spy on, automatically and secretly, and intercept its website visitors' electronic interactions communications with Papa Johns in real time.

Plaintiff's and Class members' electronic communications are intercepted contemporaneously with their transmission.

Plaintiff and Class members did not consent to having their Website Communications wiretapped.

\*\*\*

Plaintiff and Class members have an objective, reasonable expectation of privacy in their Website Communications.

Plaintiff and Class members did not consent to, authorize, or know about Papa Johns' intrusion at the time it occurred. Plaintiff and Class members never agreed that Papa Johns could collect or disclose their Website Communications.

Plaintiff and Class members had an objective interest in precluding the dissemination and/or misuse of their information and communications and in conducting their personal activities without intrusion or interference, including the right to not have their personal information intercepted and utilized for business gain.

Papa Johns willfully intrudes on Plaintiff's and Class members' private life, seclusion, or solitude, without consent.

11

> Papa Johns' conduct is highly objectionable to a reasonable person and constitutes an egregious breach of the social norms underlying the right to privacy.

(ECF No. 1, ¶¶ 65, 71-76, and 82-86.) Even if Plaintiff's use of Papa John's website creates a potential cause of action, this court need not reach this issue, because Papa John's conduct does not satisfy the first two prongs of the test. *See ALS Scan,* 293 F.3d at 715 (noting that the factual issue relating to prong three of the test need not be resolved because the defendant's conduct did not satisfy the first two prongs of the test.)

Accordingly, Plaintiff fails to allege facts that support this court's exercise of personal jurisdiction over Papa John's.

**II.   FAILURE TO STATE A CLAIM – RULE 12(b)(6)**

Because the court finds that it lacks personal jurisdiction over Papa John's, the court will not address Papa John's alternative Rule 12(b)(6) arguments.

## CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 14) will be granted and the Complaint will be dismissed.

/S/

_____
Julie R. Rubin
United States District Judge